**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lindsay R. NAAS, | No. CV-03-0721-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. |  |
| GILA RIVER HEALTH CARE CORP., |  |
| Defendant. |  |

Pending before the Court is a Motion to Lift Stay, filed by Plaintiff on January 4, 2006. [Doc. No. 20] Defendant responded on January 23, 2006, and Plaintiff filed a Reply on January 27, 2006. [Doc. Nos. 21, 22] After reviewing the parties' filings, the Court has determined that oral argument is unnecessary and now issues the following ruling.

## BACKGROUND

On April 16, 2003, Plaintiff filed a Complaint in this Court, alleging that Defendant terminated her employment in violation of the Family and Medical Leave Act. [Doc. No. 1] This Court stayed the case on January 20, 2004, pending exhaustion in the Gila River Indian Community Court ("Tribal Court"). [Doc. No. 8] The Tribal Court ruled in favor of Defendant, and Plaintiff filed an appeal on May 23, 2005. Because the appeal remains pending, this case remains stayed.

## DISCUSSION

Plaintiff filed the instant Motion to Lift the Stay, arguing that pursuit of this case in Tribal Court is futile. In support of that assertion, Plaintiff points to a delay in naming a three-

member panel to hear the appeal, and Plaintiff further contends that she and Defendant have been unable to obtain information on the rules and procedures of the appellate court, despite numerous requests.  Thus, Plaintiff argues, exhaustion is *per se* futile because there is no functioning appellate Tribal Court, pursuant to Johnson v. Gila River Indian Community, 174 F.3d 1032 (9th Cir. 1999).

In response, Defendant also cites the Johnson case, but Defendant highlights the Ninth Circuit's finding therein that "[d]elay alone is not ordinarily sufficient to show that pursuing tribal remedies is futile." 174 F.3d at 1036. In Johnson, the delay by the appellate Tribal Court spanned two years. Id. By contrast, in this case, the delay as of the filing date of the instant Motion was approximately eight months. In addition, Defendant argues that the appellate Tribal Court in this case is indeed functioning, contrary to Plaintiff's assertion. Defendant notes that in Plaintiff's case against Defendant before the Tribal Court, a three-judge appellate panel convened and issued a decision in an interlocutory matter submitted by Plaintiff. Defendant therefore maintains that exhaustion is not futile and the stay should remain in place.

After reviewing the parties' filings and the relevant case law, the Court finds that the stay should not be lifted at this juncture. In Johnson, the Ninth Circuit did not find that exhaustion was futile, even though the facts are similar to the case at bar. See id. Although lack of a briefing schedule, scheduled appellate argument, or responses to the plaintiff's correspondence to the appellate court "create[d] doubt that a functioning appellate court" existed, the Johnson court did not find futility. Id. Rather, the matter was remanded for further inquiry. Id.

Here, eight months have passed since Plaintiff appealed the Tribal Court's decision, but delay alone is not enough to render exhaustion futile. Moreover, the Court finds that the recent successful use of an appellate Tribal Court panel by the very parties currently before the Court is strong evidence of a functioning appellate court. Therefore, the Court will deny the Motion to Stay.

The Court reminds the parties to keep the Court apprised of any progress in the appellate proceedings before the Tribal Court.

## CONCLUSION

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay [Doc. No. 20] is DENIED.

DATED this 6th day of February, 2006.

*[signature]*
Stephen M. McNamee
Chief United States District Judge